UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No. 0:22-cv-60389-KMW

MAGALIE CENATUS,

       Plaintiff,
v.

REVCO SOLUTIONS, INC.,

       Defendant.
_____/

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES

Defendant REVCO Solutions, Inc. respectfully answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant denies the allegations in this paragraph.

2. Defendant denies the allegations in this paragraph.

3. Defendant denies the allegations in this paragraph.

4. Defendant denies the allegations in this paragraph.

### PARTIES

5. Admitted upon information and belief.

6. Admitted.

### DEMAND FOR JURY TRIAL

7. Admitted in part, denied in part. Defendant admits Plaintiff demands a jury trial. Defendant denies the existence of triable issues of fact. To the extent such issues exist, Defendant demands a trial by jury.

### FACTUAL ALLEGATIONS

8. Admitted in part, denied in part. Defendant admits that it began attempting to collect an account from Plaintiff. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether the account is a "debt" as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and thus Defendant denies these allegations.

9. Admitted in part, denied in part. Defendant admits Broward Health is the original creditor of Plaintiff's account. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and as such they are denied.

10. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations, and as such they are denied.

11. Defendant denies the allegations in this paragraph.

12. Admitted in part, denied in part. Defendant admits it collects accounts. Defendant admits that some of the accounts it collects are "debts" as that term is defined by the FDCPA. Defendant denies that all such accounts are "debts" as that term is defined by the FDCPA and denies any remaining allegations in this paragraph.

13. Defendant denies the allegations in this paragraph.

14. Admitted.

15. Admitted.

16. Defendant denies the allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

18. Defendant denies the allegations in this paragraph.

19. Defendant denies the allegations in this paragraph.

20. Defendant denies the allegations in this paragraph.

21. Admitted in part, denied in part. Defendant admits that at times it is a "debt collector" as that term is defined by the FDCPA. Defendant denies it always meets this statutory definition. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether it is a "debt collector" with regard to Plaintiff's account, and thus Defendant denies all such allegations.

22. Admitted.

23. Defendant denies the allegations in this paragraph.

24. Defendant denies the allegations in this paragraph.

25. Defendant denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph.

27. Defendant denies the allegations in this paragraph.

28. Defendant denies the allegations in this paragraph.

29. Admitted in part, denied in part.  Defendant admits that it sent a letter to Plaintiff, dated August 18, 2021.  Defendant denies all remaining allegations in this paragraph.

30. Defendant denies the allegations in this paragraph.

31. Defendant denies the allegations in this paragraph.

32. Defendant denies the allegations in this paragraph.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

35. Paragraphs 1 through 34 of this Answer are hereby incorporated by reference as though more fully set forth herein.

36. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

37. Defendant denies the allegations in this paragraph.

38. Defendant denies the allegations in this paragraph and denies Plaintiff's entitlement to damages in any amount or any other relief requested.

WHEREFORE, Defendant REVCO Solutions, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## COUNT 2
### VIOLATION OF 15 U.S.C. § 1692e, §1692e(2)(A), §1692e(5), & 1692e(10)

39. Paragraphs 1 through 38 of this Answer are hereby incorporated by reference as though more fully set forth herein.

40. Defendant denies the allegations in this paragraph.

41. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

42. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

43. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

44. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

45. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

46. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

47. Defendant denies the allegations in this paragraph.

48. Defendant denies the allegations in this paragraph.

49. Defendant denies the allegations in this paragraph.

50. Defendant denies the allegations in this paragraph.

51. Defendant denies the allegations in this paragraph and denies Plaintiff's entitlement to damages in any amount or any other relief requested.

WHEREFORE, Defendant REVCO Solutions, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## COUNT 3
## VIOLATION OF FLA. STAT. § 559.72(5)

52. Paragraphs 1 through 51 of this Answer are hereby incorporated by reference as though more fully set forth herein.

53. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

54. Defendant denies the allegations in this paragraph.

55. Defendant denies the allegations in this paragraph and denies Plaintiff's entitlement to damages in any amount or any other relief requested.

WHEREFORE, Defendant REVCO Solutions, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively states the defense of consent.

### SECOND AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's claim would impair Defendant's constitutionally protected First Amendment right to commercial speech.

WHEREFORE, Defendant REVCO Solutions, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE

>FL Bar No. 069879
>12276 San Jose Blvd.
>Suite 718
>Jacksonville, FL 32223
>(904) 527-1172
>(904) 683-7353 (fax)
>lburnette@messerstrickler.com
>jmarees@messerstrickler.com
>*Counsel for Defendant*

Dated: February 28, 2022

## CERTIFICATE OF SERVICE

I certify that on February 28, 2022, a true copy of the foregoing document was served as follows:

*Via CM/ECF*
Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
Law Offices of Jibrael S. Hindi, PLLC
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
*Counsel for Plaintiff*

**MESSER STRICKLER BURNETTE, LTD.**

By:  */s/ John M. Marees II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendant*

Dated: February 28, 2022